# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DODSON & HOOKS, APLC

NO. 2022 CW 1330

VERSUS

THE LOUISIANA COMMUNITY
DEVELOPMENT CAPITAL FUND,
INC. (CAPFUND)

CONSOLIDATED WITH

THE LOUISIANA COMMUNITY
DEVELOPMENT CAPITAL FUND,
INC. (CAPFUND)

VERSUS

**DECEMBER 20, 2022**

DODSON & HOOKS, APLC

---

In Re: Dodson & Hooks, APLC, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 642674 c/w 652673.

---

**BEFORE:** **McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

**WRIT GRANTED IN PART; DENIED IN PART.** The portion of the district court's November 21, 2022 order increasing the suspensive appeal bond to "$135,000 plus $15,000" is vacated. Pursuant to La. Code Civ. P. art. 2124(B)(3), the district court shall fix security "at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution." The district court herein originally set the suspensive appeal bond for Dodson & Hooks, APLC at $0. A district court retains jurisdiction to consider objections to the form, substance, and sufficiency of the appeal bond and permit the curing thereof. La. Code Civ. P. art. 2088. Any person in interest wishing to test the sufficiency, solvency of the surety, or validity of a bond furnished as security in a judicial proceeding shall rule the party furnishing the bond into the district court in which the proceeding was brought to show cause why the bond should not be decreed insufficient or invalid, and why the order, judgment, writ, mandate, or process conditioned on the furnishing of security should not be set aside or dissolved. La. Code Civ. P. art. 5123. This writ application is denied in all other respects.

JMM
PMc
GH

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT